**WO**                                                                                                          RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Calvin Neuendorf, II, | ) No. CV 10-766-PHX-RCB (DKD) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Unknown Party, et al., | ) |
| Defendants. | ) |

Pending in this case are Plaintiff's "Motion to the Court" (Doc. 5) and "Motion for Consideration to Reopen Case" (Doc. 6). The Court will deny both Motions.

**I.     Procedural Background**

On April 6, 2010, Plaintiff John Calvin Neuendorf, II, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff did not immediately pay the $350.00 civil action filing fee or file an Application to Proceed *In Forma Pauperis* with the Complaint.

On the first page of the Complaint, Plaintiff marked the box next to "First Amended Complaint." Despite this indication that the Complaint was meant as a First Amended Complaint, the Clerk of Court treated the pleading as a new Complaint and opened the instant case because Plaintiff had not filled in a case number in the caption of the Complaint.

Upon investigating the matter, the Court determined that the Complaint was apparently meant as a First Amended Complaint in another case filed by Plaintiff (CV 10-124-PHX-RCB (DKD)). In the interest of justice, the Court, by Order filed April 9, 2010

(Doc. 3), dismissed this case without prejudice and directed the Clerk of Court to file a copy of the Complaint (Doc. 1) as a First Amended Complaint in case number CV 10-124-PHX-RCB (DKD), *nunc pro tunc* April 6, 2010.  Judgment was entered in the instant case on April 9, 2010 (Doc. 4).  On September 2, 2010, Plaintiff filed a Notice of Appeal (Doc. 7).

**II.     Pending Motions**

On August 9, 2010, Plaintiff filed a "Motion to the Court" (Doc. 5), in which he asks for "extensions & or the re[]opening and new directives" for this and two other cases.[1]  Then, on August 20, 2010, Plaintiff filed a "Motion for Consideration to Reopen Case" (Doc. 6), in which he requests that the Court reopen this and one other case.[2]

In the present case, where Plaintiff submitted his Motions after entry of judgment, the only appropriate procedural devices are: (1) a motion to alter or amend judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure; or (2) a motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure.  Here, Plaintiff did not serve his Motions within 28 days as required by Rule 59.  See McConnell v. MEBA Medical & Benefits Plan, 759 F.2d 1401, 1406 (9th Cir. 1985) (the time to file "is to be strictly construed").  Thus, the Motions will be treated as Motions brought under Rule 60(b).  See United States v. Nutri-Cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441-42 (9th Cir. 1991) (motion to reconsider can be construed as Rule 60 or Rule 59 motion even when movant brought it under local rules and cited no governing Federal Rules of Civil Procedure).

Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th

---

[1] The two other cases which Plaintiff includes are Neuendorf v. Arizona, CV 10-607-PHX-RCB (DKD), and Neuendorf v. Steinhillber, CV 10-724-PHX-RCB (DKD).

[2] The other case which Plaintiff includes is Neuendorf v. Unknown Party, CV 10-124-PHX-RCB (DKD).

1  Cir. 1993) (quoting Fuller, 950 F.2d at 1442).  The moving party bears the burden of proving
2  the existence of a basis for Rule 60(b) relief.  Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th
3  Cir. 1988).  Although the moving party's factual allegations are to be accepted as true, mere
4  legal conclusions, general denials, or simple assertions are insufficient to justify overturning
5  the underlying judgment.  Id. at 1415-16.

6       Plaintiff has failed to show that his case meets any of the requirements for relief under
7  Rule 60(b) of the Federal Rules of Civil Procedure, and furthermore, after liberally reviewing
8  the circumstances of Plaintiff's case, the Court's previous Order filed April 9, 2010 (Doc. 3),
9  the record in this case, and Plaintiff's Motions, the Court is unable to ascertan that any of
10 the reasons for relief set forth in Rule 60(b) of the Federal Rules of Civil Procedure are
11 present in this case.  Accordingly, Plaintiff's Motions will be denied.

12      This case was improvidently opened when the Clerk of Court treated a Complaint
13 meant as a First Amended Complaint in another case filed by Plaintiff, CV 10-124-PHX-
14 RCB (DKD), as a new Complaint.  Upon discovering the misunderstanding, the Court
15 dismissed this action without prejudice and directed the Clerk of Court to file the Complaint
16 as a First Amended Complaint in Plaintiff's other case.  Plaintiff does not argue in either of
17 his Motions that the Court was mistaken in doing so.

18      **IT IS THEREFORE ORDERED** that Plaintiff's "Motion to the Court" (Doc. 5) and
19 "Motion for Consideration to Reopen Case" (Doc. 6), which the Court **treats** as being
20 brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, are both **denied**.
21      DATED this 14th day of September, 2010.

_____
Robert C. Broomfield
Senior United States District Judge

- 3 -