**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Calvin Neuendorf, II, ) | No. CV 10-766-PHX-RCB (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Unknown Party, et al., ) | |
| Defendants. ) | |

Pending in this closed case are Plaintiff's "Motion: Bond For Costs On Appeal In A Civil Case Rule 7" (Doc. 11), "Motion For Discovery (Injuries)" (Doc. 12), "Motion for Bond for Costs on Appeal in a Civil Case Title II Rule 7" (Doc. 13), "Motion: For Transcripts of Comple[]te Record" (Doc. 14), and "Motion: To or for Reconsideration Rule 60(B)" (Doc. 15).  The Court will deny all these Motions.

**I.    Procedural Background**

On April 6, 2010, Plaintiff John Calvin Neuendorf, II, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  Plaintiff did not immediately pay the $350.00 civil action filing fee or file an Application to Proceed *In Forma Pauperis* with the Complaint.

On the first page of the Complaint, Plaintiff marked the box next to "First Amended Complaint."  Despite this indication that the Complaint was meant as a First Amended Complaint, the Clerk of Court treated the pleading as a new Complaint and opened the instant case because Plaintiff had not filled in a case number in the caption of the Complaint.

Upon investigating the matter, the Court determined that the Complaint was apparently meant as a First Amended Complaint in another case filed by Plaintiff (CV 10-124-PHX-RCB (DKD)). In the interest of justice, the Court, by Order filed April 9, 2010 (Doc. 3), dismissed this case without prejudice and directed the Clerk of Court to file a copy of the Complaint (Doc. 1) as a First Amended Complaint in case number CV 10-124-PHX-RCB (DKD), *nunc pro tunc* April 6, 2010. Judgment was entered in the instant case on April 9, 2010 (Doc. 4). On September 2, 2010, Plaintiff filed a Notice of Appeal (Doc. 7).

On August 9, 2010, Plaintiff filed a "Motion to the Court" (Doc. 5), in which he asked for "extensions & or the re[]opening and new directives" for this and two other cases. Then, on August 20, 2010, Plaintiff filed a "Motion for Consideration to Reopen Case" (Doc. 6), in which he requested that the Court reopen this and one other case. By Order filed September 16, 2010 (Doc. 10), Plaintiff's "Motion to the Court" (Doc. 5) and "Motion for Consideration to Reopen Case" (Doc. 6), which the Court treated as being brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, were both denied.

On November 4, 2010, the Mandate of the Ninth Circuit Court of Appeals (Doc. 16), dismissing Plaintiff's appeal (Doc. 7) for lack of jurisdiction, was filed in this action.

**II.     Pending Motions**

   **A.     Motions Relating to Appeal**

Plaintiff's "Motion: Bond For Costs On Appeal In A Civil Case Rule 7" (Doc. 11), "Motion For Discovery (Injuries)" (Doc. 12), and "Motion for Bond for Costs on Appeal in a Civil Case Title II Rule 7" (Doc. 13), all relate to Plaintiff's appeal (Doc. 7). Accordingly, they will all be denied as moot in light of the Ninth Circuit's Mandate (Doc. 16), dismissing the appeal.[1]

   **B.     Motion for Transcript**

On October 5, 2010, Plaintiff filed a "Motion: For Transcripts of Comple[]te Record" (Doc. 14), in which he requests that the Court send him a copy of all the cases he has filed

---

[1] In its Mandate (Doc. 16), the Ninth Circuit stated that "[a]ll pending motions are denied as moot."

- 2 -

1  with this Court because his "paperwork has been destroyed from flooding and is no longer
2  legible." Plaintiff alleges that his "cell was flooded from people throwing water in a bucket
3  under [his] door." Plaintiff further alleges that his "files are ruined."

4  Plaintiff's Motion will be denied. This Court is not in a position to act as a copy
5  service for Plaintiff. Moreover, this case is closed and must remain closed.

### C. Motion for Reconsideration

7  On October 13, 2010, Plaintiff filed a "Motion: To or for Reconsideration Rule 60(B)"
8  (Doc. 15). Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake,
9  surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment;
10 (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would
11 justify relief." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263
12 (9th Cir. 1993) (quoting Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991)). The
13 moving party bears the burden of proving the existence of a basis for Rule 60(b) relief.
14 Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988). Although the moving party's
15 factual allegations are to be accepted as true, mere legal conclusions, general denials, or
16 simple assertions are insufficient to justify overturning the underlying judgment. Id. at
17 1415-16.

18 Plaintiff has failed to show that his case meets any of the requirements for relief under
19 Rule 60(b) of the Federal Rules of Civil Procedure, and furthermore, after liberally reviewing
20 the circumstances of Plaintiff's case, the Court's previous Orders filed April 9, 2010 (Doc. 3)
21 and September 16, 2010 (Doc. 10), the record in this case, and Plaintiff's Motion, the Court
22 is unable to ascertain that any of the reasons for relief set forth in Rule 60(b) of the Federal
23 Rules of Civil Procedure are present in this case. Accordingly, Plaintiff's Motion will be
24 denied.

25 This case was improvidently opened when the Clerk of Court treated a Complaint
26 meant as a First Amended Complaint in another case filed by Plaintiff, CV 10-124-PHX-
27 RCB (DKD), as a new Complaint. Upon discovering the misunderstanding, the Court
28 dismissed this action without prejudice and directed the Clerk of Court to file the Complaint

1 as a First Amended Complaint in Plaintiff's other case.  Plaintiff does not argue in his Motion
2 that the Court was mistaken in doing so.

**IT IS ORDERED**:

(1) Plaintiff's "Motion: Bond For Costs On Appeal In A Civil Case Rule 7" (Doc. 11), "Motion For Discovery (Injuries)" (Doc. 12), and "Motion for Bond for Costs on Appeal in a Civil Case Title II Rule 7" (Doc. 13) are **denied as moot**.

(2) Plaintiff's "Motion: For Transcripts of Comple[]te Record" (Doc. 14) and "Motion: To or for Reconsideration Rule 60(B)" (Doc. 15) are both **denied**.

(3) This case **must remain closed**.

DATED this 15th day of November, 2010.

_____
Robert C. Broomfield
Senior United States District Judge

- 4 -