WO                                                                                                      MGD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Calvin Neuendorf, II,<br><br>    Plaintiff,<br><br>  v.<br><br>Unknown Party, et al.,<br><br>    Defendants. | No. CV 10-0766-PHX-RCB (DKD)<br><br>**O R D E R** |

Pending in this closed case is Plaintiff's "Motion to Compel to Set Aside Order." (Doc. 20.)  The Court will deny this Motion.

**I.     Procedural Background**

On April 6, 2010, Plaintiff John Calvin Neuendorf, II, who is currently confined in Arizona State Prison Complex-Eyman, Special Management Unit I, in Florence, Arizona, filed a *pro s*e civil rights Complaint pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  On the first page of the Complaint, Plaintiff marked the box next to "First Amended Complaint." Despite this indication that the Complaint was intended as a First Amended Complaint, the Clerk of Court treated the pleading as a new Complaint and opened the instant case because Plaintiff had not filled in a case number in the caption of the pleading.

Upon investigation, the Court determined that the Complaint was apparently meant as a First Amended Complaint in another case filed by Plaintiff (*Neuendorf v. Unknown Party, et al*., CV 10-124-PHX-RCB (DKD)).  On April 8, 2010, the Court issued an Order dismissing this case (CV 10-766-PHX-RCB (DKD)) without prejudice and directed the Clerk of Court to file a copy of the Complaint as a First Amended

Complaint in case number CV 10-0124-PHX-RCB (DKD), *nunc pro tunc* April 6, 2010. (Doc. 3.)  Judgment was entered in the instant case on April 9, 2010.  (Doc. 4.) Thereafter, Plaintiff filed various motions, including two motions asking the Court to reopen his case (Doc. 5, 6), which the Court treated as being brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and denied on September 16, 2010.  (Doc. 10.)  On October 13, 2010, Plaintiff filed a "Motion: To or for Reconsideration Rule 60(B)," which the Court denied on November 15, 2010, finding that Plaintiff had failed to show that his case meets any of the requirements for relief under Rule 60(b).  (Doc. 18.)  In that Order, the Court also denied Plaintiff's "Motion: For Transcripts of Comple[]te Record," in which Plaintiff had requested that the Court send him a copy of all the cases he has filed with this Court because his "paperwork has been destroyed from flooding and is no longer legible."  The Court noted that it is "not in a position to act as a copy service for Plaintiff.  Moreover, this case is closed and must remain closed."  (Id.)

Plaintiff filed a Notice of Appeal on September 2, 2010, and on November 4, 2010, the Mandate of the Ninth Circuit Court of Appeals, dismissing Plaintiff's appeal for lack of jurisdiction, was filed in this action.  (Doc. 16.)

**II.     Motion to Compel**

On April 5, 2013, Plaintiff filed a "Motion to Compel to Set Aside Order" ("Motion") in which he asks the Court "to compel to set aside the judg[]ment of dismissal for CV-766 filed on 04/06/10" and to send him copies of "all the cases in this court THE DISTRICT COURT FOR ARIZONA," except for his "newest filing."  (Doc. 20.)

Plaintiff does not cite any authority for compelling a court to set aside a judgment. In this case, where Plaintiff submitted his Motion after entry of judgment, the only appropriate procedural devices are:  (1) a motion to alter or amend judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure; or (2) a motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure.  *See, e.g., United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441-42 (9th Cir. 1991) (motion to reconsider can be construed as a Rule 60 or

Rule 59 motion even when movant brought it under local rules and cited no governing Federal Rules of Civil Procedure).

Rule 59(e) of the Federal Rules of Civil Procedure requires that a party serve a motion within 28 days after the entry of judgment. Judgment in this case was entered on April 9, 2010—over three years ago. Therefore, Plaintiff's Motion does not comply with Rule 59. See *McConnell v. MEBA Med. and Benefits Plan*, 778 F.2d 521, 526 (9th Cir. 1985) (the time to file "is to be strictly construed").

Nor does Plaintiff's Motion comply with Federal Rule of Civil Procedure 60(b), which, "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(c)(1) requires that a Rule 60(b) motion "be made within a reasonable time," and "no more than a year after the entry of the judgment or order or the date of the proceeding," if the reason involves mistake, newly-discovered evidence, or fraud. Thus, a district court lacks jurisdiction to consider a motion under Rule 60(b)(1)-(3), if the motion is filed more than one year after judgment. *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989). Because judgment in this case was entered three years ago, the Court lacks jurisdiction to consider Plaintiff's Motion. Accordingly, Plaintiff's Motion is denied.

### III.   Request for Copies

Plaintiff asks the Court to "send [him] copies for all cases . . . in this court THE DISTRICT COURT FOR ARIZONA." Plaintiff asserts that his property was "lost two times and stol[]en," and he seeks "restoration of the record if possible." Plaintiff's request is denied. The Court notes that Plaintiff has filed at least eight cases in this Court since 2010, all of which are closed.[1] Plaintiff has not identified to which of those cases

---

[1] *Neuendorf v. Unknown Party, et al.*, CV 10-124-PHX-RCB (DKD); *Neuendorf v. State of Arizona, et al.*, CV 10-607-PHX-RCB (DKD); *Neuendorf v. Steinhillber, et al.*, CV 10-724-PHX-RCB (DKD); *Neuendorf v. John C. Lincoln Medical*, CV 10-752-PHX-

1 his request applies, and he has not presented any compelling reason(s) for the court to
2 comply with his request. As the Court noted in its Order dated November 15, 2010, the
3 "Court is not in a position to act as a copy service for Plaintiff." (Doc. 18.)

**IT IS ORDERED:**

(1) Plaintiff's "Motion to Compel to Set Aside Order" (Doc. 20) is **denied**

(2) This case **must remain closed**.

Dated this 20th day of May, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

---

RCB (DKD); *Neuendorf v. State of Arizona, et al.*, CV 11-332-PHX-RCB (DKD); *Neuendorf v. St. Joseph's Hospital, et al.*, CV 12-2724-PHX-RCB (DKD); *Neuendorf v. State of Arizona, et al.*, CV 10-2238-PHX-RCB (DKD); and *Neuendorf v. Ryan, et al.*, CV 12-0755-PHX-RCB (DKD).